Filed 11/23/20  P. v. Sweat CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SESMON SWEAT,<br><br>    Defendant and Appellant. | 2d Crim. No. B301600<br>(Super. Ct. No. BA431774 )<br>(Los Angeles County) |

Sesmon Sweat seeks a remand for a determination of custody credits (Pen. Code,[1] § 2900.5) and a correction of the abstract of judgment to conform to the trial court's oral pronouncement of judgment.  We remand without prejudice the issue of custody credits.  We correct the abstract of judgment.

FACTS

In February 2016, Sweat pled guilty to robbery (§ 211) and admitted he had a prior serious felony conviction (§ 667, subd. (a)(1).)  The trial court sentenced him to a five-year upper term for the robbery and a consecutive five years for the prior serious

---

[1] All statutory references are to the Penal Code.

felony conviction, for a total term of 10 years. The trial court suspended execution of the sentence and placed him on formal probation for three years on condition that he serve 812 days in county jail. He was given presentence custody credit for the 812 days.

On October 11, 2018, Sweat was arrested for violating section 288.4, arranging to meet a minor for lewd and lascivious behavior.

On October 15, 2018, Sweat's probation was summarily revoked for violating a condition of his probation.

The prosecutor elected to dismiss the charge of violating section 288.4 and to proceed with the probation violation hearing. The trial court dismissed the charge of violating section 288.4 on December 13, 2018.

On September 20, 2019, the trial court held a probation violation hearing. The court lifted the suspension of sentence and sentenced Sweat to 10 years with 812 days' custody credit earned prior to his placement on probation. He received no custody credit for the time between when he was placed in custody for a parole violation and the time the suspension of his 10-year sentence was lifted.

At the hearing Sweat asked the trial court if he was entitled to additional custody credits for the time spent in custody on probation. The trial court replied "I'm not sure right now, but it looks like you might."

Sweat did not pursue the matter further in the trial court. The abstract of judgment reflects no custody credits beyond the 812 earned prior to his placement on probation.

DISCUSSION

I

*Custody Credit Appealability*

The People contend Sweat's challenge to his custody credits fails to comply with section 1237.1 and must be dismissed.

Section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction."

Despite the trial court's express willingness to consider additional custody credits, Sweat made no motion pursuant to section 1237.1. If it were simply a matter of calculation, we might consider the matter for the first time on appeal. (See *People v. Jones* (2000) 82 Cal.App.4th 485, 493 [we may resolve custody credits issue where other matters must be decided on appeal].) But Sweat concedes it is not simply a matter of calculation.

The proceedings were suspended while Sweat was evaluated for competency to stand trial. Sweat was eventually found competent, but he concedes: "While it seems likely that appellant was in the county jail while proceedings were suspended, since there was no probation report it cannot be determined with certainty. Therefore, the amount of conduct credits to be awarded cannot be determined with precision."

3

Sweat also concedes he is not entitled to custody credits from the time he was arrested for violating section 288.4 until the date his probation was summarily revoked. (See *People v. Pruitt* (2008) 161 Cal.App.4th 637, 648-649.) The People do not contest Sweat may be entitled to some custody credits from the time his probation was summarily revoked until sentencing. (See *People v. Bruner* (1995) 9 Cal.4th 1178.) But how much, if any, is a question we cannot answer on the present record.

Sweat seeks a remand to the trial court to correct the grant of credits. But pursuant to section 1237.1, we dismiss the issues on appeal. We dismiss, however, without prejudice to raising the matter in the trial court.

II

*Correction of Abstract of Judgment*

Sweat contends the abstract of judgment must be corrected to reflect the trial court's oral pronouncement of judgment. The People concede the point.

The abstract of judgment shows the upper term was imposed for second degree robbery and that the time imposed is 10 years. The abstract does not mention the section 667, subdivision (a)(1) enhancement.

The abstract of judgment is corrected to show the upper term of five years was imposed for the robbery and a consecutive term of five years was imposed pursuant to section 667, subdivision (a)(1), for a total of 10 years' time imposed.

4

## DISPOSITION

We remand without prejudice the issue of custody credits for the trial court to decide.  We correct the abstract of judgment as above.  In all other respects, we affirm.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Carol H. Rehm, Jr., Judge

Superior Court County of Los Angeles

_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.